UNITED STATES COURT OF APPEALS
TENTH CIRCUIT

**Filed 3/1/96**

GARY SAMMONS,                             )
                                          )
   Plaintiff - Appellant,             )
                                          )
v.                                        )      No. 95-3281
                                          )   (D.C. No. 93-3297-DES)
GARY STOTTS, DAVID R. MCKUNE,             )     (D. Kansas)
MICHAEL NELSON                            )
                                          )
Defendants - Appellees.                   )

---

### ORDER & JUDGMENT[*]

---

Before **SEYMOUR**, Chief Judge, **McKAY,** and **LUCERO**, Circuit Judges.

---

Plaintiff Garry Sammons, a state prisoner, sought injunctive relief on his 42 U.S.C. § 1983 claims that he was denied access to court and that his constitutional rights were violated when he was disciplined and placed in administrative segregation. Defendants filed a Martinez report, see Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978), and a motion for

---

[*] This case is unanimously ordered submitted without oral argument pursuant to the applicable rules. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

summary judgment. The district court granted summary judgment to defendants and plaintiff now appeals. We affirm.

On appeal, plaintiff argues that (1) the evidence in the record does not support the prison disciplinary board's finding, (2) the disciplinary hearing denied him due process, (3) prison officials transferred him to another prison for an arbitrary and capricious reason, in that the transfer was based on false information about plaintiff's conduct, and (4) the district court failed to address the access-to-court claim.

This court reviews a grant of summary judgment de novo. Wolf v. Prudential Ins. Co., 50 F.3d 793, 796 (10th Cir. 1995). Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). We view the evidence in the light most favorable to plaintiff, the nonmoving party. Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir. 1991).

Upon careful review of the record, we reject plaintiff's first three arguments for substantially the reasons set forth by the district court. Although the district court did not specifically address plaintiff's access-to-court claim, the court did not err in dismissing that claim either.

To state a claim for denial of access to the court, an inmate "must show that any denial or delay of access to the court prejudiced him in pursuing litigation." Treff v. Galetka, No. 95-4012, 1996 WL 8165, at *2 (10th Cir. Jan. 10, 1996). Plaintiff has not alleged that he was

prejudiced in pursuing litigation by defendants' policy restricting legal copies to fifty per week.  Although plaintiff contends that he was unable to file this lawsuit while he was in administrative segregation, from May 28, 1993 to June 24, 1993, and was further delayed until July 28, 1993, by the policy restricting the number of photocopies, he does not claim prejudice as a result of those delays.  See id. (rejecting access-to-court claim where there was no claim of prejudice from delayed access).

Plaintiff's motion to proceed in forma pauperis is GRANTED.  His request to supplement the appellate record is DENIED because the documents plaintiff would have us consider were not part of the record before the district court.  The district court's dismissal of all claims on summary judgment is AFFIRMED.

Entered for the Court


Carlos F. Lucero
Circuit Judge